Afework MENGESHA;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02-73782.
Agency Nos. A75-577-669, A75-577-670.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 10, 2003.

Afework Jemere Mengesha, Doreen A. Emenike, Law Offices of Doreen A. Emenike, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Linda S. Wendtland, U.S. Department of Justice, Civil Div., Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

### MEMORANDUM**

Afework Mengesha and Abebech Sisay ("Petitioners"), husband and wife and natives and citizens of Ethiopia, petition for review of an order by the Board of Immi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit *except as provided by* Ninth Circuit Rule 36-3.

gration Appeals ("BIA") denying their motion to reconsider a prior order of the BIA summarily dismissing their appeal from an immigration judge's order pursuant to 8 C.F.R. § 3.1(d)(2)(i)(D). We have jurisdiction pursuant to 8 U.S.C. § 1252(b) and grant the petition for review.

■ The BIA summarily dismissed the appeal on March 21, 2002, and Petitioners filed their petition for review on November 7, 2002, following the BIA's October 11, 2002 denial of their motion to reconsider. Filing a motion to reconsider with the BIA does not toll the statutory time limit in which to appeal the underlying BIA order. *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Therefore, we lack jurisdiction to review the BIA's underlying order dismissing Petitioner's appeal because such review is time-barred. *E.g., Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

■ We review the BIA's denial of a motion to reconsider for abuse of discretion. *Mejia v. Ashcroft*, 298 F.3d 873, 876 (9th Cir.2002). The BIA does not abuse its discretion unless its acts "arbitrarily, irrationally, or contrary to law." *Dobrota v. INS*, 311 F.3d 1206, 1211 (9th Cir.2002). Petitioners contend that the BIA erred in denying their motion to reconsider because they did not receive notice of the briefing schedule and thus were unaware of the deadline for filing a brief in support of their appeal with the BIA.

Aliens facing deportation are entitled to due process under the Fifth Amendment, which requires that notice of deportation proceedings be reasonably calculated to reach the alien. *Id.* at 1210. Under 8 U.S.C. § 1229(a)(1), an alien may be served with written notice by mail. There is a rebuttable presumption that properly directed mail delivered to the post office reached its destination and was received by the addressee. *Busquets–Ivars*, 333

F.3d 1008, 1010 (9th Cir.2003). We have held, however, that "[w]here a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing," the petitioner's sworn affidavit that she did not receive notice is ordinarily sufficient to rebut the presumption of delivery and entitle the petitioner "to an evidentiary hearing to consider the veracity of her allegations." *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir.2002).

Here, Petitioners submitted with their motion to reconsider a declaration from Mengesha stating that Petitioners both lived at the same address and that Mengesha never received notice from the BIA regarding the briefing schedule. Moreover, Petitioners had initiated the appeal of the immigration judge's ruling pro se and had appeared at the prior hearings. Petitioners had no discernable motive to avoid filing a brief because by not filing a brief their appeal was dismissed, and because if they had been given the opportunity to file a brief they would have been able to expand on the specific grounds for reversal listed in their notice of appeal to the BIA. Petitioners, thus, rebutted the presumption that the notice of briefing schedule was delivered to and received by them, and were entitled to an evidentiary hearing to consider the veracity of their allegations. *See id.* at 1079. Accordingly, the BIA abused its discretion in denying Petitioners' motion for reconsideration.

**PETITION FOR REVIEW GRANTED; REMANDED** for an evidentiary hearing on whether Petitioners received the notice of briefing schedule.