**Peter J.A. NAIME, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3842.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

George E. Crimarco, Coral Gables, FL, for Petitioner.

Mark C. Walters, Emily A. Radford, Leslie Cayer Ohta, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Peter J.A. Naime, through counsel, appeals a final order of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of an immigration judge ("IJ") denying his motion to reopen his removal proceedings. Naime initially requested oral argument. The Attorney General waived oral argument, however, and Naime failed to renew his request for oral argument after notification that this court was contemplating reviewing the appeal on the briefs. Accordingly, Naime is deemed to have waived oral argument. This panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1999, the Immigration and Naturalization Service ("INS") issued a notice to appear to Naime, a native and citizen of Barbados, charging him with removability under Immigration and Nationality Act § 237(a)(1)(D)(i), codified at 8 U.S.C. § 1227(a)(1)(D)(i), as an alien lawfully admitted or adjusted to permanent residence on a conditional basis whose status was terminated. The INS subsequently noti-

fied Naime by mail that a master calendar hearing ("hearing") was scheduled for December 29, 1999. Thereafter, the IJ ordered Naime removed in absentia for failure to appear at his hearing.

Naime, through counsel, moved the IJ to reopen his removal proceedings in 2001, alleging that he did not receive notice of his hearing, notwithstanding that the INS had his correct address. The IJ denied Naime's motion to reopen.

Naime appealed the denial of his motion to reopen to the BIA. The BIA affirmed without opinion the decision of the IJ. Naime then petitioned this court for review.

As an initial matter, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (1996), govern Naime's petition for review. *See Brooks v. Ashcroft,* 283 F.3d 1268, 1271 n. 4 (11th Cir.2002); *cf. Pak v. Reno,* 196 F.3d 666, 670 (6th Cir.1999). Additionally, because the BIA affirmed without opinion the IJ's decision, we review the IJ's decision. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003).

Naime argues that the BIA abused its discretion in not remanding his case, because: (1) he was not required to file an affidavit in support of his motion to reopen; (2) the BIA failed to consider his pending petition for alien relative, which established he had no motive to miss his hearing; (3) he did not receive notice of his hearing; (4) the INS had two different addresses for him, and this inconsistency resulted in him failing to receive notice of his hearing; and (5) the address on file with the INS was his proper address at the time the notice of his hearing was sent.

We review the denial of a motion to reopen for abuse of discretion. *Id.* at 723. An abuse of discretion occurs when the IJ offers no "rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (internal citation omitted).

An alien ordered removed in absentia may seek reopening of his proceedings if he demonstrates that he did not receive notice of his removal proceedings. 8 U.S.C. § 1229a(b)(5)(C)(ii). The regulations provide that motions to reopen "shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3). Unsupported allegations of counsel in a motion to reopen do not constitute evidence. *See INS v. Phinpathya,* 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984).

Written notice to an alien of his removal proceedings is sufficient if there is proof of attempted delivery to the last address provided by the alien. 8 U.S.C. § 1229(c); 8 C.F.R. § 1003.26. Moreover, an alien is obligated to inform the INS in writing of any change of address or telephone number. 8 U.S.C. § 1229(a)(1)(F)(ii).

Naime's reliance on the Ninth Circuit's decision in *Salta v. INS,* 314 F.3d 1076 (9th Cir.2002), is misplaced. The Ninth Circuit's decision, which remanded an alien's appeal who failed to provide supporting documentation with her motion to reopen, was not based on 8 C.F.R. § 1003.23(b)(3), which clearly mandates that a motion to reopen be supported by affidavit. Moreover, the Ninth Circuit did not address the Supreme Court's statement in *Phinpathya* that counsel's bare assertions in a motion to reopen do not constitute evidence. *See* 464 U.S. at 188 n. 6.

██ Naime conceded in his motion to reopen that he received his notice to appear, which was sent to him at 35021

Drakeshire Place, Apartment 203, Farmington, Michigan 48335 ("Drakeshire address"). Notice of Naime's hearing was sent to him at the Drakeshire address. Thus, Naime's contention that the INS had two different addresses for him is immaterial because he conceded he received the notice to appear and his notice of hearing was sent to the same address. Additionally, Naime's motion to reopen was not supported by any documentation. Therefore, the IJ did not abuse her discretion in denying Naime's motion to reopen because: (1) the IJ's findings were supported by a rational explanation, and (2) the IJ did not depart from established guidelines given that the regulations require that a motion to reopen be supported by an affidavit.

Naime also argues that the BIA violated his right to due process by affirming without opinion the IJ's decision, because the record was not fully reviewed. The Fifth Amendment entitles aliens to due process of law in deportation proceedings. *Reno v. Flores,* 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). We review an alien's claim that his right to due process was violated de novo. *Denko,* 351 F.3d at 726.

To the extent that Naime argues the BIA did not give the IJ's decision full consideration, this court held that a petitioner must produce tangible evidence to establish the BIA failed to properly review an IJ's decision. *Id.* at 728–29. Naime has not produced any tangible evidence that the BIA failed to properly review his case.

Additionally, the BIA's streamlining procedures allowing for affirmance without opinion of the IJ's decision do not alone violate an alien's right to due process. *Id.* at 730. An alien's right to due process is not violated when the BIA uses its streamlining procedures if: (1) the result reached by the IJ is correct, (2) any errors are harmless or immaterial, (3) the issue is controlled by precedent and does not require application to novel facts, or (4) the legal and factual questions are insubstantial and do not warrant review by a three-member panel of the BIA. *Id.* at 731–32. The IJ's denial of Naime's motion to reopen is supported by the administrative record, given that Naime failed to appear for his master calendar hearing, notice of the hearing was mailed to Naime at his current address, there is no evidence in the record to show the notice was not delivered, and Naime did not provide any evidence to establish that he did not receive the notice of his hearing. Accordingly, Naime's right to due process was not violated.

For the foregoing reasons, Naime's petition for review is denied.