**Din Joe SANCHEZ, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–71537.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 11, 2005.

Benjamin V. Chen, Benjamin V. Chin, AAL, LLLC, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*\*

Din Joe Sanchez, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider the BIA's March 8, 2002 decision dismissing his appeal from an immigration judge's ("IJ") denial of his motion to reconsider the IJ's denial of his motion to reopen removal proceedings wherein petitioner was ordered removed in absentia. We have jurisdiction under 8 U.S.C. § 1252(b). We review denial of a motion for reconsideration for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The BIA did not abuse its discretion when it denied Sanchez's motion for reconsideration because Sanchez failed to show why the BIA's application of the standard articulated in *In Re G–Y–R–,* 23 I. & N. Dec. 181 (BIA 2001) was impermissibly retroactive. *See* 8 U.S.C. § 1229a(b)(5), (e)(1) (stating consequences of failure to appear and defining "exceptional circumstances" under the permanent rules). Petitioner's reliance on *Salta v. INS,* 314 F.3d 1076 (9th Cir.2002) is unavailing because here it is undisputed that the postal

---

service delivered the letters to the address provided by petitioner. *Cf. id.* at 1079–80.

To the extent Sanchez seeks review of the BIA's March 8, 2002, decision, we lack jurisdiction because Sanchez did not seek review within 30 days of that decision. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003) ("This time limit is mandatory and jurisdictional, and cannot be tolled.").

Petitioner requests that this petition for review be held in abeyance while his petition to remove the conditions on his permanent residence is adjudicated. We deny this request, but stay issuance of the mandate for 120 days from the date of this memorandum disposition.

**PETITION FOR REVIEW DENIED; ISSUANCE OF MANDATE STAYED FOR 120 DAYS FROM THIS DISPOSITION.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.