Bulmaro **AMARO MUNIVE,** Petitioner,

v.

Alberto R. **GONZALES,**\* Attorney General, Respondent.

Nos. 04–71149, A73–939–368.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shan D. Potts, Berke Law Offices, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Richard M. Evans, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM***

Bulmaro Amaro Munive, a putative native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming the decision of an immigration judge denying his motion to reopen proceedings in which he was ordered deported *in absentia.* Because the transitional rules apply, we have jurisdiction under former 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222–23 (9th Cir.2002). We review for abuse of discretion the denial of a motion to reopen, *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002), and we deny the petition for review.

*** This disposition is not appropriate for publication and may not be cited to or by the

The record supports the conclusion that Munive received both his Order to Show Cause and his hearing notice because proof of delivery by certified mail creates a strong presumption of effective service, and Munive offered no evidence to rebut that presumption. *See id.* To the extent Munive relies on ineffective assistance of counsel ("IAC") as an "exceptional circumstance" warranting rescission of his deportation order, his claim fails because he did not comply with the threshold procedural requirements for claiming IAC. *See Reyes v. Ashcroft,* 358 F.3d 592, 596–97 (9th Cir.2004).

We find no abuse of discretion in the BIA's rejection of Munive's belated argument that his deportation order designates the wrong country. *See INS v. Aguirre–Aguirre,* 526 U.S. 415, 424–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (explaining circumstances under which courts must defer to agency's interpretation of controlling statutes).

PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

