MEMORANDUM **
*610 Jian Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order affirming an immigration judge’s order denying his motion to reopen removal proceedings held in absentia. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. Salta v. INS, 314 F.3d 1076, 1078 (9th Cir.2002). We deny in part, and dismiss in part, the petition for review.
Zhang contends that he did not receive the notice of hearing sent to him by regular mail in August 2003. The BIA did not abuse its discretion in concluding that Zhang failed to rebut the presumption of delivery created by regular mail. Although the affidavit Zhang submitted with his motion to reopen stated that he did not receive the notice at issue, it did not state that no other responsible party living at his address received the notice. See id. at 1079 (holding that a sworn affidavit that neither the petitioner “nor a[nother] responsible party” residing at the petitioner’s address received the notice will “ordinarily” be sufficient to rebut the presumption of delivery created by regular mail).
Zhang’s due process argument fails because service of the notice was conducted in a manner “reasonably calculated” to ensure that notice reached him. See Farhoud v. INS, 122 F.3d 794, 796 (9th Cir.1997).
We lack jurisdiction to consider Zhang’s argument that because he introduced “new and material evidence” concerning his eligibility for adjustment of status, the BIA abused its discretion in declining to reopen proceedings. See 8 U.S.C. § 1229a(b)(5)(D) (providing that a petition for review of an in absentia order is confined to the validity of the notice provided to the alien, the reasons for the alien’s nonattendance, and whether the alien is removable).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and may not be cited to or by the *610 courts of this circuit except as provided by 9th Cir. R. 36-3.