**Regina SALTA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71537.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Filed Dec. 30, 2002.

Ted Laguatan, Law Offices of Ted Laguatan and Associates, Daly City, CA, for the petitioner.

Ernesto Molina (argued) and John D. Williams, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: BRIGHT,* HAWKINS and W. FLETCHER, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We must determine whether the Board of Immigration Appeals ("BIA") erred in applying presumptions and burdens of proof tailored to a statute requiring notice by certified mail, where notice was given pursuant to an amended version of the statute allowing the use of regular mail. Because we determine that Petitioner's lack of notice claim should be considered at an evidentiary hearing applying standards attuned to the amended statute, we grant the petition for review.

## Background Facts & Procedural History

Petitioner Regina Salta ("Salta") attended classes at New York University from 1981–84. She re-entered the United States in June 1985 on a student visa but did not attend any further classes. She has resided here since 1985 and has two U.S. citizen children. She voluntarily approached the INS and asked it to issue an Order to Show Cause so that she could apply for Cancellation of Removal, claiming statutory eligibility for such relief based on her continuous residence in the United States.

The INS sent an initial Notice to Appear at a removal hearing on November 4, 1999. Salta received this notice and appeared at the hearing with counsel, but they were advised that the court had yet to receive her file and that the hearing would have to be continued. On June 27, 2000, Salta received a letter indicating a new hearing date would be scheduled. The new hearing was subsequently scheduled for August 29, 2000, and, according to its records, the INS sent another notice of hearing to Salta by regular mail at her address of record—the address that appeared on her petition and the address at which she had received both the initial notice and the June 27, 2000 notice. No copy was sent to her counsel. Salta failed to appear, and the Immigration Judge ("IJ") conducted the removal hearing *in absentia*, pursuant to 8 U.S.C. § 1229a(b)(5)(A).

According to Salta, the next item she received in the mail was the letter stating she was to report to the INS for removal on October 17, 2000. She then filed a timely motion to reopen the removal proceedings, asserting in her pleadings that she had never received notice of the August 29, 2000 hearing date. The IJ denied the motion, citing the presumption that public officers discharge their duties. The IJ found that Salta had not met her burden with respect to the affirmative defense of non-delivery. The BIA dismissed her appeal for similar reasons, and also noted

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

that counsel had not been sent a notice of the hearing because he had failed to file a Notice of Appearance prior to the issuance of the *in absentia* order of removal. This timely appeal followed.

## Standard of Review

█ We review the denial of a motion to reopen or reconsider for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000).

## Discussion

### I. Notice to Salta

If an alien is provided proper written notice of a removal proceeding and fails to attend, the immigration judge is required to enter an *in absentia* order of removal. 8 U.S.C. § 1229a(b)(5)(A). Such an order may be rescinded only if the alien demonstrates one of the following: (1) that the failure to appear was because of exceptional circumstances (such as serious illness or death of an immediate family member), (2) that she did not receive notice of the removal hearing, or (3) that she was in custody and the failure to appear was through no fault of her own. 8 U.S.C. § 1229a(b)(5)(C). Salta's motion to reopen was based on a lack of notice.

The issue before us is what Salta must do to "demonstrate[ ] that [she] did not receive notice." *Id.* Salta asserted in her pleadings that she did not receive the notice, but did not file any supporting documentation. The IJ found this insufficient, determining that Salta should have presented "substantial and probative evidence, such as documentary evidence from the Postal Service, third party affidavits or similar evidence demonstrating that improper delivery."

The requirement applied by the IJ is derived from *In re Grijalva*, 21 I & N Dec.

27, 1995 WL 314388 (BIA 1995). *Grijalva* involved the predecessor statute, Section 242B of the Immigration and Nationality Act ("INA"), which required delivery of notices by certified mail. 8 U.S.C. § 1252b(a)(2)(A).[1] In *Grijalva*, the BIA stated:

> We find that in cases where service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises. There is a presumption that public officers, including Postal Service employees, properly discharge their duties. A bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen to rescind an *in absentia* order. . . .

> This presumption of effective service may be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service. However, in order to support this affirmative defense, the respondent must present substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery. . . .

21 I & N Dec. at 37 (internal citation omitted).

Still dealing with Section 242B, we affirmed the BIA's ruling in *Grijalva* regarding the presumption of delivery, but pointed out that the IJ and BIA must consider "evidence submitted by an alien which supports the defense of nondelivery or improper delivery of the notice." *Arrieta v. INS*, 117 F.3d 429, 432 (9th Cir. 1997). We further clarified:

---

**1.** The current statute requires only that written notice be given in person to the alien "(or, if personal service is not practical, through service by mail to the alien or to the alien's counsel of record, if any)." 8 U.S.C. § 1229(a)(1).

Thus, if Arrieta can establish that her mailing address has remained unchanged, that neither she nor a responsible party working or residing at that address refused service, and that there was nondelivery or improper delivery by the Postal Service, then she has rebutted the presumption of effective service. If this is the case, the burden shifts to the INS to show that a responsible party refused service.

*Id.* (internal citation omitted).

Both *Arrieta* and *Grijalva*, however, involved notices sent by certified mail, as the statute then required. *Grijalva* noted that a "strong presumption" of delivery arises when a notice is sent by certified mail. 21 I & N Dec. at 37. It is thus understandable that we previously required fairly strong evidence to rebut such a presumption. The current statute, however, requires only that written notice be given in person to the alien "(or, if personal service is not practical, through service by mail to the alien or to the alien's counsel of record, if any)." 8 U.S.C. § 1229(a)(1).

■ We have not yet considered how an alien may meet the burden of demonstrating lack of notice under the new statute. Although it is still proper to presume that postal officers properly discharge their duties, *see United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926), delivery by regular mail does not raise the same "strong presumption" as certified mail, and less should be required to rebut such a presumption. Indeed, many of the previously required forms of evidence, such as documentary evidence from the Postal Service or proof that no responsible person refused service, only make sense in the context of certified mail. We therefore hold that it was an abuse of discretion for

the BIA and the IJ to apply the *Grijalva* evidentiary requirements in denying Salta's motion to reopen.

■ Where a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from Salta that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery and entitle Salta to an evidentiary hearing to consider the veracity of her allegations. Salta, however, did not submit such an affidavit with her motion to reopen.

At argument, Salta's counsel represented that because it was impossible to satisfy the Grijalva/*Arrieta* requirements in the context of ordinary mail, he believed the representations in the pleadings would suffice. Confronted with a similar situation under the predecessor statute in *Grijalva*, the BIA deviated from its usual rule that "the evidence necessary to support the motion to reopen must be presented to the Immigration Judge," explained what type of evidence would be required to rebut the presumption of delivery, and then remanded to afford the alien an opportunity to gather such evidence and present it to the IJ. 21 I & N Dec. 27 at 37; *see also Arrieta*, 117 F.3d at 432 (noting that *Grijalva* had not been decided at time of hearing before the IJ and remanding for IJ to consider personal affidavits as evidence of nondelivery).

■ Because we believe a similar approach is required here, we remand to the BIA with instructions to remand to the IJ to allow both Salta and the INS to supplement the record and to conduct an evidentiary hearing to determine whether Salta should be permitted to re-open her application for Cancellation of Removal.[2] That

2. We note that the INS conceded at oral argument that, if the facts Salta alleges are

hearing should take into consideration that the use of regular mail is now permitted by the governing statute, and that some of the *Grijalva–Arrieta* proof requirements (e.g., documentary evidence from the Postal Service, third party affidavits indicating improper delivery, etc.), which made perfect sense in connection with certified mail, clearly have no application under a regular mail regime.

## II. Notice to Counsel

Salta also contends that the notice was improper because her counsel was not sent notice of the hearing. The record reflects that a Notice of Appearance from Salta's counsel was not filed until after the issuance of the *in absentia* order. In the briefs filed with this court and at argument before us, Salta's counsel indicated he gave a Form G–28 Entry of Attorney to the clerk when he initially appeared with Salta in November 1999. Because this basis for the lack of notice was not presented to the IJ or the BIA, however, we will not consider it for the first time. *Cordon–Garcia v. INS*, 204 F.3d 985, 988 (9th Cir.2000). We do, however, leave it to the discretion of the IJ on remand to accept additional evidence regarding this claim as well and to consider it in light of our recent opinion in *Dobrota v. INS*, 311 F.3d 1206 (9th Cir.2002).

PETITION FOR REVIEW GRANTED. REMANDED.

true, it is unlikely the IJ would have grounds to deny her motion to reopen.