**Mohammad Tahir NASER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73383.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided May 5, 2004.

Howard R. Davis, Esq., Davis, Miller & Neumeister, Van Nuys, CA, Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Stephen J. Flynn, Leslie McKay, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM *

Mohammad Tahir Naser, an ethnic Tajik and Shiite Moslem citizen of Afghanistan, appeals from the Board of Immigration Appeals' ("BIA") denial of his motion for reconsideration of the BIA's denial of his motion to reopen his asylum and withholding of deportation proceedings. The BIA ruled that it had not erred in its earlier denial for untimeliness of Naser's second motion to reopen. There it had reasoned that Naser "had not presented evidence of materially changed circumstances that would affect his asylum claim," and alternately found that the Taliban's fall from power eliminated any potential risk to Naser. We have jurisdiction pursuant to former 8 U.S.C. § 1105a, and the transitional rules set forth in section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (1996), as amended by the Act of October 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion, *see Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir.2002), and grant the petition.

■ The BIA abused its discretion by failing to take notice of the evidence of changed country conditions contained in Naser's second motion to reopen in 2000. Instead, in its decision on the 2000 motion, the BIA rejected Naser's argument that country conditions had changed, noting that the Taliban were in power both in 1996, when Naser filed his first motion to reopen, and in 2000. However, in Naser's 1996 motion, he presented only generalized evidence about the brutality of the new Taliban regime, and thus was unable to demonstrate that he would be singled out for persecution based on a protected ground. By contrast, in his 2000 motion, Naser offered specific, uncontroverted evidence of Taliban-ordered mass killings of Shiites and Tajiks that occurred in 1998, a significant change in country conditions which would support Naser's claim of persecution or a well-founded fear of persecution based on his ethnic and religious heritage.

Although Naser's 2000 motion was facially untimely, *see* 8 C.F.R. § 3.2(c)(2),[1] the time limit does not apply to motions which are "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 3.2(c)(3)(ii). In denying the motion to reopen by finding that Naser had already presented evidence of the Taliban's ascendancy to power in Afghanistan, the BIA abused its discretion by erroneously equating the Taliban's actions in 1996 to those in 1998, and thus finding that country conditions had not materially changed. All the evidence presented to the BIA demonstrated that the Taliban's atrocities in 1998 were far different from those committed in 1996 and, more importantly for Naser's asylum claim, were directly aimed at massacring Afghan citizens who shared Naser's background.

Naser could not have presented proof of the Taliban's increasing atrocities against ethnic Tajiks and Shiite Moslems in 1996

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Former § 3.2 has been recodified at 8 C.F.R. § 1003.2 (2003). We refer to the regulations as they were codified at the time of the BIA's decision in 2002.

because these atrocities did not begin to occur until 1998. As the government conceded at oral argument, it presented no evidence that Tajiks and Shiite Moslems were persecuted any earlier than 1998. The facts are to the contrary: As the documentation provided in the 2000 motion to reopen demonstrates, the Taliban came to power in 1994, but did not begin to actively persecute Tajiks and Shiites until well after the 1996 motion to reopen was filed.

Naser's new evidence of the Taliban's mass killings of Tajiks and Shiites establishes his prima facie eligibility for relief. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen."). Contrary to its own regulation governing consideration of second motions to reopen, *see* 8 C.F.R. § 3.23(b)(4)(i), the BIA disregarded substantial evidence of persecution of similarly situated people that Naser presented in his 2000 motion, and relied only on the evidence presented in the 1996 motion regarding general living conditions under the Taliban. Had the BIA complied with its own regulations and considered the material, newly discovered evidence offered in Naser's 2000 motion that a pattern or practice of persecution of Shiites and Tajiks existed, *see Mgoian v. INS,* 184 F.3d 1029, 1036 (9th Cir.1999), Naser would have been eligible for relief. Instead, the BIA "base[d] its decision on an erroneous view of the law or a clearly erroneous assessment of the facts," *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir.1996) (internal citation omitted), and thus abused its discretion by denying Naser's motion to reopen.

Because the BIA abused its discretion in failing to reopen Naser's proceedings, it therefore follows that it abused its discre-tion in denying Naser's motion to reconsider. *See* 8 C.F.R. § 3.2(b).

Additionally, by taking administrative notice of the fall of the Taliban (and thus assuming that any danger to Naser had been alleviated) without allowing Naser the opportunity to present evidence of how his asylum claim would be affected by this regime change, the BIA denied Naser due process. *See Castillo–Villagra v. INS,* 972 F.2d 1017, 1029 (9th Cir.1992) (holding that taking administrative notice of changed country conditions without providing an alien the opportunity to be heard regarding those new conditions violated alien's Fifth Amendment due process rights). Therefore, the BIA's alternative ground for denying the motion to reconsider is invalid as well.

Finally, Naser petitions us for a stay of exclusion proceedings while his application for status adjustment is pending before the Department of Homeland Security. While we recognize that the petition before us will become moot if Naser's application is granted, the timeline for a decision on the application is far from certain. Because we grant Naser's petition, a stay would have only the effect of foreclosing another potential avenue of relief.

Therefore, Naser's petition is **GRANTED** and **REMANDED** to the BIA for proceedings consistent with this disposition. His motion for a stay of proceedings is **DENIED**.