**Young Suk NAM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74463, A79–144–002.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Dec. 2, 2004.

---

Before BRUNETTI, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Petitioner Young Suk Nam seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her motion to recon-

sider. We review for abuse of discretion. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000).

Petitioner asserts that she never received the Notice of Hearing in Removal Proceedings, which set the date for her master hearing before an immigration judge ("IJ"). Consequently, neither she nor her lawyer attended her removal proceeding, and the IJ ordered Petitioner removed in absentia. The INS sent the Notice by regular mail to the address it had on file for Petitioner.

Although sending notice by certified mail, with its attendant proof of attempted delivery, raises a strong presumption of effective service, the same cannot be said of regular mail. *Salta v. INS,* 314 F.3d 1076, 1079 (9th Cir.2002). If an alien has no motive to avoid a removal hearing, and she provides a sworn affidavit stating she did not receive a notice of hearing sent by regular mail, then she has satisfied the evidentiary requirement necessary to rebut the presumption of delivery. *Id.*

In this case, Petitioner's husband had filed an immigrant visa petition on her behalf to classify her as the spouse of a legal permanent resident, and Petitioner had hired a lawyer to represent her at her hearing. In addition, she has never been accused of criminal or fraudulent conduct. In these circumstances, Petitioner had no reason to avoid her removal hearing. She presented a sworn affidavit with her motion to reconsider, attesting that she did not receive the Notice of Hearing and explaining why that might have occurred. Under *Salta,* Petitioner rebutted the presumption of delivery, and the BIA abused its discretion by dismissing her motion.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In light of *Salta*, we remand to the BIA with instructions to remand to the IJ for an evidentiary hearing to determine whether Petitioner should be allowed to reopen her case.

PETITION GRANTED; REMANDED with instructions.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.