Andreea Iona STEF; et al. Petitioners,

v.

Alberto GONZALES, Attorney General,* Respondent.

Nos. 02–74280, 03–72809.
Agency No. A73–706–997.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2005.**

Decided May 11, 2005.

Maria Janossy, Law Offices of Maria Janossy, Glendale, CA, for Petitioners.

Regional Counsel, Laguna Niguel, Ronald E. Lefevre, Chief Counsel, Office of

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

the District Counsel Department of Homeland Security, San Francisco, CA; Richard M. Evans, and Susan Houser, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WARDLAW, PAEZ, Circuit Judges, and BEISTLINE,\*\*\* District Judge.

## MEMORANDUM\*\*\*\*

Andreea Iona Stef, a native and citizen of Romania, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation. She also petitions for review of the BIA's denial of her motion to reopen. We have jurisdiction under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1105a (1996), as amended by IIRIRA § 309(c)(4), and we deny the petition.

We must uphold the BIA's decision as to eligibility for asylum if it is supported by substantial evidence, and may reverse only if a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Here, there is substantial evidence to support the IJ's decision that Stef failed to show that she had been persecuted on the basis of her religion or political opinion or that she had a well-founded fear of future persecution based upon a protected ground. 8 U.S.C. § 1101(a)(42)(A); *see Ghaly v. INS,* 58 F.3d 1425 (9th Cir.1995).

Because Stef is ineligible for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

The Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002). Here, the BIA did not abuse its discretion because the documents submitted by Stef to support her motion did not establish changed conditions such that she had a well-founded fear of future persecution based upon a protected ground. 8 U.S.C. § 1101(a)(42)(A); *cf. Malty v. Ashcroft,* 381 F.3d 942 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal. This stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

\*\*\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.