Yalda Milad YOUSSEF, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70707.

United States Court of Appeals, Ninth Circuit.

Submitted on June 14, 2005.**

Decided June 23, 2005.

Yalda Milad Youssef, Bellingham, WA, Pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA; and Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

## MEMORANDUM ***

Yalda Milad Youssef, a native and citizen of Lebanon, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's denial of his motion to reopen removal proceedings to seek adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review for abuse of discretion the denial of a motion to reopen, *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002), and we deny the petition.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Youssef married a United States citizen during the pendency of his removal proceedings, he bore the burden of establishing by clear and convincing evidence that his marriage was entered into in good faith and in accordance with applicable laws and not for the purpose of procuring admission. *See* 8 U.S.C. § 1255(e)(3). The evidence before the BIA consisted of an affidavit from Youssef, a document from the former Immigration and Naturalization Service acknowledging receipt of an I–130 filed on his behalf and a copy of a check written to "B.C.I.S." With such a paucity of evidence to demonstrate a good faith marriage, the BIA did not abuse its discretion by dismissing Youssef's appeal for failure to establish prima facie eligibility for adjustment of status. *See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**