Gregorio MARIN–BATRES, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–76603.
Agency No. A79–579–135.

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Gregorio Marin–Batres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision denying his motion to remand and affirming an immigration judge's ("IJ") order of removal entered after the IJ denied Marin–Batres's request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and review for abuse of discretion the decision to deny a continuance, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir. 2004). We deny the petition for review.

Given that Marin–Batres had one and one-half years to prepare his case, the IJ did not abuse her discretion in denying his request for a continuance when he appeared at the merits hearing without an attorney. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (explaining that the

denial of a continuance will not be overturned except on a showing of clear abuse). Because the IJ did not err, Marin–Batres's contention that the denial of the continuance violated his due process rights fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that an alien must show error to prevail on a due process challenge).

Marin–Batres's contention that *Salta v. INS*, 314 F.3d 1076 (9th Cir.2002) supports his case is unavailing.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.