Onelia **CALDERON–HERNANDEZ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–73072.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Onelia Calderon–Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying her motion to reopen deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

Calderon–Hernandez contends that she did not receive either of the hearing notices sent by regular mail to the last address she provided to the immigration court, in Norwalk, California, in 1991. Calderon–Hernandez's affidavit indicated that she moved to the San Francisco Bay Area at some point prior to 1993.

The BIA did not abuse its discretion in concluding that Calderon–Hernandez failed to provide sufficient evidence to rebut the presumption of proper delivery created by regular mail, because the affidavit she submitted with her motion to reopen did not provide the date on which she moved from the Norwalk address to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the San Francisco Bay Area, or indicate whether she was living at the Norwalk address when the 1991 notices were mailed. *See Salta v. INS,* 314 F.3d 1076, 1079 (9th Cir.2002) (holding that a sworn affidavit stating that neither an alien nor another responsible party residing at the alien's address received the notice will ordinarily rebut the presumption of delivery created by regular mail); *see also Antonio–Martinez v. INS,* 317 F.3d 1089, 1092 (9th Cir.2003) (noting that an alien whose immigration case is pending is required by law to inform the Attorney General of any change of address).

**PETITION FOR REVIEW DENIED**