**Roseline Damaris SINAGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73197.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

---

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joseph F. Palmer, Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN and PAEZ, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

MEMORANDUM **

Roseline Damaris Sinaga, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir.2002), we grant the petition for review.

Sinaga contends that she did not receive a Notice to Appear, which was sent by regular mail. She filed a pro se motion to reopen with the IJ before our decision in *Salta* established the quantum of evidence required to rebut the presumption of delivery for service by regular mail. *See id.* at 1079 (requiring a sworn affidavit that notice was not received). The IJ denied the motion to reopen because it did not include a sworn affidavit. On appeal to the BIA, Sinaga filed a sworn affidavit stating that she did not receive the Notice to Appear that was sent by regular mail. The BIA had the benefit of our decision in *Salta*, and it abused its discretion when it failed to remand the case to allow Sinaga to present her affidavit to the IJ. *See id.* (remanding for an evidentiary hearing where the requirements for rebutting the presumption of delivery in the context of regular mail were not clear at the time petitioner filed her motion to reopen).

We remand to the BIA to remand to the IJ for an evidentiary hearing on this issue. *See id.* ("a sworn affidavit ... should ordinarily be sufficient to rebut the presumption of delivery and entitle [the petitioner]

to an evidentiary hearing to consider the veracity of her allegations.").

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

