**Rosa DURAN–MADRILES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71379.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 8, 2006.

Kaye A.Y. Evans, Esq., Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Lyle Jentzer, DOJ, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRIGHT,* PREGERSON, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Rosa Duran–Madriles was ordered removed *in absentia* on August 29, 2002. On October 3, 2002, Duran–Madriles filed a motion to reopen with supporting documents, claiming that she did not receive a Notice to Appear at the removal hearing. An immigration judge denied the motion to reopen without holding a hearing, and the Board of Immigration Appeals affirmed without opinion. We grant the petition for review and remand for further consideration.

The facts are known to the parties and are not recounted here.

We review the denial of a motion to reopen for abuse of discretion. *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir.2002). "Because the BIA affirmed without opinion, this court directly reviews the immigration judge's decision as though it were the decision of the BIA." *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir.2004).

An *in absentia* removal order may be rescinded if the alien demonstrates "that she did not receive notice of the removal hearing." *Salta*, 314 F.3d at 1078 (citing 8 U.S.C. § 1229a(b)(5)(C)). Where, as here, the agency serves a Notice to Appear by regular mail, the agency is not entitled to the "strong presumption" of delivery that arises when it uses certified mail. *Id.* at 1079. Although we still presume that postal officers properly discharge their duties, we require less to rebut a presumption of delivery when the agency relies on regular mail. *Id.*

We conclude that Duran–Madriles presented sufficient evidence to the immigration judge to rebut the presumption that she received a Notice to Appear at the removal hearing held *in absentia* on August 29, 2002. Duran–Madriles presented a sworn affidavit that she did not receive a hearing notice; she had an incentive to appear to defend against the removal charges given her seventeen years of residency in this country and family ties, including three children who are United States citizens; she has paid taxes here, beginning in 1989; she disclosed her presence and address in the United States to the former INS through obtaining permanent residency on October 2, 1992, and through filing an application for naturalization on February 17, 1999; she presented proof that the Department of Justice mailed at least one document, the removal order, to her at the wrong address; and she promptly filed a motion to reopen on October 3, 2002 after the misdirected removal order reached her.

Presented with this record, the immigration judge should have conducted "an evidentiary hearing to consider the veracity of her allegations." *See Salta*, 314 F.3d at 1079. "That hearing should take into consideration that the use of regular mail is now permitted by the governing statute, and that some of the [ ] proof requirements (e.g., documentary evidence from the Postal Service, third party affidavits indicating improper delivery, etc.), which made perfect sense in connection with certified mail, clearly have no application under a regular mail regime." *Id.* at 1079–80. The panel will retain jurisdiction over any subsequent appeal in this case.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW GRANT-
ED. REMANDED.