**Antonio FLORES–EUSTAQUIO et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72105.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Gloria Martinez–Senftner, The Martinez–Senftner Law Firm, Lilia Alcaraz, Roseville, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol A. Barthel, U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Antonio Flores–Eustaquio, his wife Adela Gomez–Chavez, and their son Marco Flores–Gomez, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion,

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in denying the motion to reconsider, because Petitioners' second motion to reopen, filed on June 29, 2004, included evidence of Petitioners' substantial compliance with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988): First, Petitioners provided affidavits and notices of appearance to substantiate their representation agreement with prior counsel. Second, they submitted copies of letters to prior counsel informing them of the alleged ineffective assistance and providing opportunities to respond. Third, they submitted copies of complaints filed with the California and New Jersey state bar associations. *See Castillo–Perez v. INS,* 212 F.3d 518, 525 (9th Cir.2000) (discussing these *Lozada* requirements). We therefore conclude that Petitioners' motion to reconsider correctly specified a legal error in the BIA's prior decision, as required by 8 C.F.R. § 1003.2(b)(1).

It is unclear whether the BIA's November 22, 2004 order adopted the immigration judge's determination that notice was proper because it was given to Petitioners' former counsel, or if the BIA considered Petitioners' affidavits claiming non-receipt. *Cf. Salta v. INS,* 314 F.3d 1076, 1079 (9th Cir.2002) (holding that affidavits can "rebut the presumption of delivery and entitle [an alien] to an evidentiary hearing" about whether notice was proper). We note that prior counsel stated in Petitioners' first motion to reopen that his office did not receive notice either, and remand this aspect of the case for reconsideration as well.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*See Stoyanov v. INS,* 172 F.3d 731, 736 (9th Cir.1999).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.