**Benito Sandoval MARTINEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72784.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed April 12, 2007.

Marc A. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of

Immigration Lit., Washington, DC, Amanda Rocque, Esq., United States Attorney's Office, District of Colorado, Denver, CO, for Respondent.

Before: CANBY, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Benito Sandoval Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying his motion to reopen proceedings in which he was ordered removed in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion. *See Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002). We grant the petition for review and remand.

Sandoval Martinez's motion to reopen included a declaration under penalty of perjury that he never received the notice to appear ("NTA"). *See id.* at 1079 (discussing weaker presumption of delivery of hearing notice sent through regular mail, and noting that a sworn affidavit verifying non-receipt of the notice may be sufficient to rebut the presumption of delivery). The IJ erred in discrediting, without a hearing, portions of this declaration that he found to be incredible. *See Ghadessi v. INS,* 797 F.2d 804, 806 (9th Cir.1986) ("As motions to reopen are decided without a factual hearing, the Board is unable to make credibility determinations at this stage of the proceedings."); *see also Salta,* 314 F.3d at 1079 (remanding to the BIA with instructions to remand to the IJ to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conduct an evidentiary hearing on issue of proper notice). We therefore grant the petition for review and remand to the BIA with instructions to remand the matter to the IJ for an evidentiary hearing to determine whether Sandoval Martinez was properly notified of his removal hearing.

In his appeal brief to the BIA, Sandoval Martinez included a motion to remand to the IJ for consideration of new evidence showing that the principals of La Guadalupana immigration service were being prosecuted in Orange County for "defrauding hundreds of immigrants." The BIA abused its discretion by streamlining Sandoval Martinez's appeal and neglecting to address his motion to remand. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). Accordingly, we add this issue to the matter to be remanded to the IJ.

If the IJ finds that Sandoval Martinez was not properly notified of his removal hearing, the IJ shall reopen the proceedings. If the IJ finds that Sandoval Martinez was properly notified, it shall consider his new evidence together with his other evidence in order to determine whether Sandoval Martinez's failure to appear was due to "exceptional circumstances." If so, then the IJ shall reopen the proceedings. If, after hearing, the IJ determines that Sandoval Martinez was properly notified and has failed to demonstrate exceptional circumstances for his failure to appear, the IJ may deny Sandoval Martinez's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED with instructions.**

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-