**Sutono TJHAI, Petitioner**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71377.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Sutono Tjhai, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002), and we review de novo claims of due process violations, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

The IJ did not abuse his discretion in denying Tjhai's motion to reopen because it is undisputed that the hearing notice was mailed to his address of record and Tjhai presented no evidence that its return to the immigration court was the result of improper delivery by the postal service. *See* 8 U.S.C. § 1229(c) (notice by mail to most recent address provided by alien sufficient); *cf. Salta,* 314 F.3d at 1079.

Moreover, the IJ did not abuse his discretion in denying Tjhai's motion to reopen for failure to establish "exceptional circumstances." *See* 8 U.S.C. § 1229a(e)(1) ("exceptional circumstances" include those beyond the alien's control such as the serious illness of the alien, or the death or serious illness of an immediate relative, but not less compelling circumstances).

It follows that the denial of Tjhai's motion to reopen did not violate due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.