**Cuahutemoc Ramos LOPEZ, a.k.a. Cuahutemoc R. Lopez, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–72439.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Enrique Ramirez, Esq., Law Office of Enrique Ramirez, San Francisco, CA, for Petitioner.

Joshua E. Braunstein, Esquire, Melissa S. Leibman, Trial, DOJ–U.S. Department of Justice, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Cuahutemoc Ramos Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted *in absentia.* We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

The BIA denied Lopez's motion to reopen primarily because Lopez did not submit a sworn affidavit that neither he, nor any responsible party residing at his address, received notice of his rescheduled hearing. Lopez's motion to reopen included an unsworn written statement from his mother, with whom Lopez lived, stating that Lopez did not receive notice of his rescheduled hearing, as well as circumstantial evidence of non-receipt. At the time of its decision, the BIA did not have the benefit of *Sembiring v. Gonzales,* 499 F.3d 981, 988–990 (9th Cir.2007) (holding that sufficient circumstantial evidence can overcome the presumption of effective service; petitioner is not required to submit a sworn affidavit alleging non-receipt). We therefore remand for reconsideration of Lopez's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

