**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINAN XU, | No. 05-71448 |
| Petitioner, | Agency Nos. A095-178-121 |
| v. | A095-178-122 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 5, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, [**] District Judge.

Petitioner Jinan Xu petitions for review of an order by the Board of

Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of

Xu's motion to reconsider the IJ's denial of Xu's motion to reopen her asylum

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

application. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand.

Xu filed an application for asylum and for withholding of removal with the Immigration and Naturalization Service (INS). The INS charged Xu with being subject to removal under 8 U.S.C. § 1227(a)(1)(B), and she was personally served with notice that her removal hearing was scheduled for November 25, 2003. The court rescheduled the hearing to November 18, 2003, and purportedly sent notice of the change to both Xu and her counsel via regular mail, but Xu disputes ever receiving such notification. Xu's counsel contends that he received information from the court's telephone database that the hearing had been changed to November 18, but upon calling the court, counsel was informed by the clerk that "the next hearing for an individual" was November 25, 2003. Neither Xu nor her attorney appeared at the November 18, 2003 hearing.

When Xu and her counsel failed to appear at the November 18, 2003, hearing, the IJ issued an *in absentia* order of removal pursuant to 8 U.S.C. § 1229a(b)(5). On November 26, 2003, Xu timely filed a motion to reopen, and she submitted an affidavit attesting that (1) she had not received notice of the November 18, 2003 rescheduled hearing; (2) she had not changed her mailing address but nevertheless did not receive the notice; and (3) her attorney had been

2

informed by a clerk of the court that the hearing "for an individual" was on November 25, 2003.

The IJ denied Xu's motion to reopen and found that Xu had proper notice of the rescheduled date pursuant to 8 U.S.C. § 1229(a)(2)(A), because the record of proceeding contained two copies of notices sent to both Xu and her attorney that stated her removal hearing had been rescheduled. Xu filed a motion to reconsider, which the IJ also denied. Xu timely appealed the IJ's denial of her motion to reconsider and the BIA summarily affirmed the IJ's decision.

The IJ erred in holding that Xu's motion to reconsider failed to specify any errors in the IJ's earlier denial of her motion to reopen. Xu cited *Salta v. INS*, 314 F.3d 1076, 1079-80 (9th Cir. 2002), in arguing that the IJ committed an error of law when she denied Xu's motion to reopen. Under the standard set forth in *Salta*, when a petitioner initiates a proceeding to obtain a benefit, appears at earlier hearings, and has no motive to avoid a hearing, a sworn affidavit that she did not receive a notice that was sent through the regular mail is sufficient to rebut the presumption of delivery. *Id.* at 1079; *see also Sembiring v. Gonzales*, 499 F.3d 981, 988-91 (9th Cir. 2007). Here, the IJ failed to apply the correct standard when she denied Xu's motion to reopen and failed to recognize her legal error when she denied Xu's motion to reconsider.

3

Xu's statement in her affidavit that she did not receive notice of the rescheduled hearing date was uncontested. Furthermore, Xu initiated the proceeding when she filed an application for asylum and withholding of removal, met all other deadlines, and had no motive to miss the hearing. Accordingly, Xu rebutted the presumption that she received notice of the new hearing date. We therefore grant the petition and remand to the BIA with directions to (1) grant Xu's motion to reconsider and (2) remand to the IJ with directions to grant the motion to reopen, rescind the *in abstentia* removal order, and address the merits of Xu's application for asylum and withholding of removal.

**PETITION GRANTED; REMANDED WITH INSTRUCTIONS**.