**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE VICTOR AYALA-AGUILAR, | No. 13-71919 |
| Petitioner, | Agency No. A094-796-110 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Jose Victor Ayala-Aguilar, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law and review for abuse of discretion the denial of a motion to reopen. *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir. 2002). We deny the petition for review.

The agency did not abuse its discretion in denying Ayala-Aguilar's motion to reopen and rescind his in absentia order, where the notice of hearing was mailed to the last address he provided and he failed to provide sufficient evidence to rebut the presumption of proper delivery of the notice of hearing. *See* 8 U.S.C. § 1229a(b)(5)(A) (written notice is considered sufficient if sent to the most recent address provided); *Salta*, 314 F.3d at 1079 (giving examples of evidence that could be sufficient to overcome presumption of delivery). Contrary to Ayala-Aguilar's contention, the record indicates he was personally served with his notice to appear, which informed him of the consequences of failing to appear and his obligation to notify the immigration court of any address change.

The agency also did not abuse its discretion in denying as untimely Ayala-Aguilar's motion to reopen to apply for relief, where he filed it more than four years after his final order of removal and failed to assert changed country conditions that could provide an exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii).

Contrary to Ayala-Aguilar's contention, the BIA sufficiently articulated its

reasons for denial.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**