FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULJINDER SINGH, | No. 14-71722 |
| Petitioner, | Agency No. A205-422-371 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:      LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Kuljinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's denial of his motion to reopen removal proceedings conducted in absentia.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, and review de novo questions of law. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in denying Singh's motion to reopen where the hearing notice was sent by regular mail to the address last provided to the immigration court, and he failed to rebut the presumption of effective service. *See Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) ("The government satisfies notice requirements 'by mailing notice of the hearing to an alien at the address last provided to the INS.'"); *Sembiring*, 499 F.3d at 986-88 (describing factors relevant to overcome presumption of effective service sent by regular mail). Singh does not claim to have been residing at the address he provided to the immigration court, *Salta v. INS*, 314 F.3d 1076, 1077 (9th Cir. 2002), he did not file a change of address form despite being informed of his responsibility to do so, and he did not provide an affidavit from anyone residing at the address in question.

Singh's contentions that the agency applied the wrong legal standard and failed to follow its own regulations are not supported by the record. Accordingly, his related due process claims fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

14-71722