FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

FEB 22 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN PABLO ZARAGOZA,

Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney General,

Respondent.

No.    14-72346

Agency No. A095-189-417

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Juan Pablo Zaragoza, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Zaragoza's motion to reopen based on a lack of notice, where the agency sent a notice of hearing by regular mail to Zaragoza's last known address of record, and Zaragoza failed to provide sufficient evidence to overcome the presumption of proper delivery of the notice. *See* 8 U.S.C. § 1229a(b)(5)(A) ("[W]ritten notice . . . provided at the most recent address" given by the alien "shall be sufficient" for purposes of conducting in absentia removal proceedings.); *cf. Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) (discussing evidence sufficient to overcome the presumption of proper delivery); *Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) ("Due process is satisfied if service is conducted in a manner reasonably calculated to ensure that notice reaches the alien." (citation and quotation marks omitted)).

The agency also did not abuse its discretion in denying Zaragoza's motion to reopen based on exceptional circumstances, where he filed it more than nine years after the date of his removal order, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and failed to

establish the due diligence required to warrant equitable tolling of the deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

Zaragoza's contention that the BIA violated due process by not providing him with a transcript of proceedings fails where he has not demonstrated prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000); *cf. Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011) ("[I]n lieu of providing a transcript, the immigration court may record [bond] hearings and make the audio recordings available for appeal upon request.")

The record does not support Zaragoza's contentions that the agency engaged in speculation and fact-finding, misstated the record, failed to correctly apply the law and consider evidence, or did not sufficiently explain its reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We lack jurisdiction to consider Zaragoza's unexhausted contention regarding his prior attorney's Notice of Appearance. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

In light of our disposition, we do not reach Zaragoza's remaining contentions regarding his prior counsel's alleged ineffective assistance.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**