NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ORLANDO ROMERO-IRAETA, | No. 16-71843 |
| Petitioner, | Agency No. A099-473-471 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Oscar Orlando Romero-Iraeta, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Romero-Iraeta's motion to reopen based on lack of notice where the hearing notice was mailed to the most recent address he provided to the immigration court, he concedes that the notice was received at that address, and he moved without notifying the immigration court of his new address. *See* 8 U.S.C. § 1229a(b)(5)(A) ("[W]ritten notice … provided at the most recent address" given by the alien "shall be sufficient" for purposes of conducting in absentia removal proceedings.); *Popa v. Holder*, 571 F.3d 890, 898 (9th Cir. 2009) (an alien that moved without updating her address with the immigration court is not entitled to rescind an in absentia removal order); *cf. Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) (discussing evidence sufficient to overcome the presumption of proper delivery).

The agency also did not abuse its discretion in denying the motion to reopen for new relief as untimely, where the motion was over seven years late, *see* 8 CFR § 1003.23(b)(1), and he failed to establish the due diligence required for equitable tolling. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (describing due diligence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**