NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN ERNESTO LOPEZ, | No.    14-72108 |
| Petitioner, | Agency No. A099-678-982 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:      CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Marvin Ernesto Lopez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia, and denying his motion to remand. We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The BIA did not abuse its discretion in dismissing Lopez's appeal and denying his motion to remand based on lack of notice, where the hearing notice was sent by regular mail to the address last provided by Lopez, and he failed to rebut the presumption of effective service. *See id*. at 986-88 (describing evidence relevant to overcome presumption of effective service sent by regular mail); *Dobrota v. INS*, 311 F.3d 1206, 1211 (9th Cir. 2002) (notice requirement is satisfied by mailing notice of the hearing to an alien at the address last provided to the agency). We reject Lopez's contention that the BIA failed to give adequate weight to his declaration. *Cf. Salta v. INS*, 314 F. 3d 1076, 1079 (9th Cir. 2002) ("Where a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from [petitioner] that neither [he] nor a responsible party residing at [his] address received the notice should ordinarily be sufficient to rebut the presumption of [regular mail] delivery.").

Because Lopez's failure to overcome the presumption of delivery of the hearing notice is dispositive as to both motions, we do not reach his contentions regarding the effectiveness of prior counsel or compliance with *Matter of Lozada*,

19 I. & N. Dec. 637 (BIA 1988). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**