Rafayel **PETROSYAN;**
et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

Rafayel Petrosyan; et al., Petitioners,

v.

Alberto R. Gonzales, Attorney
General, Respondent.

Nos. 03–72959, 04–71868.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed March 6, 2007.

Howard R. Davis, Esq., Davis, Miller & Neumeister, Van Nuys, CA, for Petitioners.

Judith Seeds Miller, Esq., District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Susan Houser, Esq.,

U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency Nos. A75–718–476, A75–718–502, A75–718–503.

Before: CANBY and THOMAS, Circuit Judges, and CONLON *, District Judge.

## MEMORANDUM **

In this consolidated case, Rafayel Petrosyan, on behalf of himself and derivatively his wife and son, petitions for review of both the Board of Immigration Appeal's ("BIA") denial of his motion to reopen his application for relief from removal as well as the underlying denial of his application. We grant the petition with regard to his motion to reopen his application for relief from removal. Because the parties are familiar with the facts and procedural history of this case, we will not recount them here.

### I

We review for abuse of discretion the BIA's denial of a motion to reopen or reconsider. *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir.2002); *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). Though the BIA has discretion to deny a motion to reopen "even if the party moving has made out a prima facie case for relief," 8 C.F.R. § 1003.2(a), we "will reverse a denial of a motion to reopen if the denial was arbitrary, irrational, or contrary to law." *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir.2005) (internal quotation marks omitted). We review the BIA's determination

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of questions of law de novo. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004).

A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); *Bhasin*, 423 F.3d at 984. The evidence presented must be "material," and the applicant must show that the evidence "could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *Bhasin*, 423 F.3d at 984. "The applicant must demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Id.* Because motions to reopen are decided without any factual hearing at which credibility determinations can be made, "facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable." *Id.* at 986–87.

■ In this case, Petrosyan submitted new evidence in support of his motion to reopen that undermined the determinations made by the immigration judge ("IJ") in the underlying administrative proceeding. When considered in conjunction with the evidence presented in the original proceeding, it tended to establish that the Armenian government was hostile to Petrosyan because of his political opposition to its policies and practices and that physical violence was involved in the government's contacts with Petrosyan and his family. The newly tendered evidence supports a prima facie case that Petrosyan is eligible for asylum.

Under these circumstances, the BIA abused its discretion in declining the motion to reopen to consider the new evidence. Therefore, we grant the petition for review on the motion to reopen and remand to the BIA for further proceedings consistent with this decision.

II

We deny the petition for review of the original BIA decision affirming the IJ's denial of relief. We review both the decisions of the BIA and IJ to the extent the BIA incorporates the IJ's decision as its own. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n. 3 (9th Cir.2004); *see also Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996) (explaining where the BIA incorporates the IJ's decision into its own, the court treats the IJ's statement of reasons as the BIA's). A factual determination that the petitioner has failed to demonstrate eligibility for asylum is reviewed for substantial evidence. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). This standard requires that us to uphold the agency's determination unless "the evidence not only supports, but compels, contrary findings." *Id.* (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

■ Applying this highly deferential standard to this case, we conclude that the evidence does not compel the conclusion that the BIA and IJ should have granted the application for asylum in the first instance. Whether or not the additional evidence, considered in combination with the evidence in the record, is sufficient to establish a well-founded fear of persecution on account of political opinion is matter for the BIA to determine in considering Petrosyan's motion to reopen on the merits.

III

Given our decision, we need not reach any other issue urged by the parties.

**PETITIONS GRANTED IN PART; DENIED IN PART; REMANDED.**