Mario Ernesto **HUEZO–
LANDAVERDE,
Petitioner,**

v.

Michael B. **MUKASEY, Attorney
General, Respondent.**

No. 06–75376.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Mario Ernesto Huezo–Landaverde, c/o Shrry Storms, N. Algona, WA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Shelley R. Goad, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Mario Ernesto Huezo–Landaverde, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings in which he was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we grant the petition for review in part, deny it in part, and remand.

■ Applying a "practical and common-sensical" test, *Sembiring v. Gonzales,* 499

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 981, 988 (9th Cir.2007), we conclude that the BIA abused its discretion in rejecting Huezo–Landaverde's contention that he was not provided proper notice of the hearing he missed. The BIA's decision does not indicate that it considered factors we have held are relevant: Huezo–Landaverde's long period of lawful residence, his attendance at an initial immigration proceeding, and the interaction he had with the Seattle immigration office are not mentioned. *See id.* (identifying motive to avoid a hearing; attendance at a prior hearing; and bringing oneself to the attention of the government as factors relevant to whether an alien's evidence is sufficient for reopening).

As "[c]orroboration of a credible declaration by an alien moving to reopen is not required," *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir.2002), Huezo–Landaverde's failure to submit a statement from his aunt in Anaheim is not dispositive. Moreover, we note that although the BIA's decision considered both Huezo–Landaverde's affidavit and his later-submitted declaration, the decision inconsistently states that he "indicates ... that he moved to Seattle in 1999" and that he "does not indicate ... when he moved." Finally, the BIA does not mention a declaration by another aunt corroborating Huezo–Landaverde's residence at her specified Seattle address from "the fall of 1999." Accordingly, we grant the petition and remand for the BIA to reconsider Huezo–Landaverde's motion under *Sembiring* and *Salta v. INS,* 314 F.3d 1076 (9th Cir.2002). *See Franco–Rosendo v. Gonzales,* 454 F.3d 965, 968 (9th Cir.2006) ("The BIA's failure to identify and evaluate the favorable factors was an abuse of discretion.").

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

We reject Huezo–Landaverde's ineffective assistance of counsel contention, as the BIA acted within its discretion in determining that he failed to comply with *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *See Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004). Counsel's alleged ineffectiveness is not obvious on the face of the record before us. Huezo–Landaverde's contention that *Lozada* should not be enforced is therefore unpersuasive. *See id.*

PETITION FOR REVIEW GRANT-ED in part; DENIED in part; RE-MANDED.