**MEI CAO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76129.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

Sarnata Reynolds, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., David White, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** **

Mei Cao, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her second motion to reopen removal proceedings, in which she was ordered removed in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), and we grant the petition for review in part, deny it in part, and remand.

The BIA abused its discretion in rejecting Cao's contention that she was not provided proper written notice of the hearing she missed. The BIA reaffirmed its prior, incorrect determination that Cao was personally served with the notice of hearing and, as a consequence, did not properly consider the allegations in Cao's affidavit. *See Celis–Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir.2002) (allegations in alien's affidavit supporting motion to reopen must be accepted as true unless inherently unbelievable). Moreover, the BIA's decision does not indicate that it considered factors we have held are relevant: the sufficiency of the government's evidence supporting the government's contention that the notice of hearing was mailed to Cao's address; and whether Cao had a motive to avoid the hearing, given her potential eligibility for asylum, withholding of removal and protection under the Convention Against Torture, and the $5,000 bond she paid. *See Sembiring v. Gonzales,* 499 F.3d 981, 988 (9th Cir. 2007) (adopting a "practical and commonsensical" test to determine whether proper notice was provided). Accordingly, we remand for the BIA to reconsider Cao's motion under *Sembiring* and *Salta v. INS,* 314 F.3d 1076 (9th Cir.2002).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying the aspect of Cao's second motion to reopen alleging ineffective assistance of counsel because it was untimely and Cao was not entitled to equitable tolling. Cao's motion was filed more than six years after the BIA's earlier decision and Cao did not demonstrate that she exercised due diligence in discovering prior counsels' alleged errors. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who establishes deception, fraud, or error, and exercised due diligence in discovering such circumstances).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.