Zhanna **MKRTCHYAN**, Arakel **Piliposyan**, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

Nos. 05–76104, 06–70381.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Thomas Fatouros, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Joseph J. Rose, New York, NY, for Petitioner, Arakel Piliposyan.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions, Zhanna Mkrtchyan (No. 05–76104) and her son Arakel Piliposyan (No. 06–70381), citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeals from an immigration judge's decisions denying their motions to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002), we deny in part and dismiss in part the petitions for review.

Contrary to Petitioners' contention, the agency did not abuse its discretion in concluding that Petitioners failed to overcome the presumption of delivery created by regular mail. *Cf. id.* at 1079–80; *see Sembiring v. Gonzales,* 499 F.3d 981, 988 (9th Cir.2007) (adopting a "practical and commonsensical" test to determine whether proper notice was provided).

We lack jurisdiction to review Petitioners' contention that they failed to appear at their hearing due to exceptional circumstances because they failed to exhaust their administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

We lack jurisdiction to review the BIA's March 7, 2006, order denying Piliposyan's motion to reconsider because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

In No. 05–76104, **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

In No. 06–70381, **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

