MEMORANDUM **
This is a petition for review of the Board of Immigration Appeals’ (“BIA”) order denying petitioner’s motion to reconsider.
We have reviewed the petitioner’s response to the court’s order to show cause, and we conclude that the questions raised by this petition for review are so insubstantial as not to require further argument. See United States v. Hooton, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Accordingly, the petition for review is denied in part.
The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.
We review the BIA’s ruling on a motion to reconsider for abuse of discretion. Salta v. INS, 314 F.3d 1076, 1078 (9th Cir.2002).
*62 A motion to reconsider a decision must be filed with the BIA within 30 days after the mailing of the BIA’s decision. See 8 C.F.R. § 1003.2(b)(2). Because petitioner’s May 19, 2008 motion to reconsider the BIA’s August 6, 2007 decision was filed beyond the 30-day deadline, the BIA did not abuse its discretion in denying the untimely motion to reconsider.
An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). To the extent the BIA considered petitioner’s motion to be a motion to reopen, the BIA did not abuse its discretion in denying petitioner’s fourth motion to reopen as being number-barred as well as untimely because the motion to reopen was filed beyond the 90-day deadline, and petitioner has not contended that any exceptions to this time limit apply. See id.
In addition, this court lacks jurisdiction to review the BIA’s decision not to reopen proceedings sua sponte. See Ekimian v. INS, 303 F.3d 1153 (9th Cir.2002). Accordingly, the petition for review is dismissed in part.
All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.