**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AWAD ABDELRAHAM ALY,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General<br><br>Respondent. | No. 08-71936<br><br>Agency No. A095-632-557<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2011[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, IKUTA, Circuit Judge, and BOLTON,[***] District
Judge.

Awad Abdelraham Aly, a native and citizen of Egypt, petitions for review of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, District Judge for the District of Arizona, sitting by designation.

a decision of the Board of Immigration Appeals ("BIA") denying Aly's motion to reconsider the denial of his appeal of a prior motion to reopen. We deny the petition in part and dismiss in part.

First, in the proceedings before the BIA, Aly did not challenge the decisions of the IJ or the BIA to construe his earlier motion as a motion to reopen. Therefore, Aly did not exhaust his argument that the BIA erred in construing his earlier motion, and we lack jurisdiction to consider his argument. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). The BIA properly construed Aly's second motion as a motion to reopen and denied it as an impermissible second motion to reopen. *See* 8 C.F.R. § 1003.2(c); *see also Iturribarria v. INS*, 321 F.3d 889, 895-96 (9th Cir. 2003).

Second, to the extent Aly's motion could be construed as a motion to reconsider, the BIA did not abuse its discretion in denying the motion. Because Aly failed to adequately raise a challenge to the BIA's denial of his motion based on its determination that Aly failed to rebut the presumption of proper delivery of notice, he has forfeited his right to challenge that denial. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (noting that issues in the opening brief not supported by argument are deemed abandoned). In addition, Aly's motion did not specify any error of fact or law, and the evidence submitted by Aly was not sufficient to overcome the

presumption of effective service. *Cf. Sembiring v. Gonzales*, 499 F.3d 981, 988-90 (9th Cir. 2007) (describing evidence sufficient to overcome presumption of effective service); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) (same).

Finally, the BIA considered the pending fraud charge only in evaluating Aly's incentives to attend the removal proceedings. The record does not indicate that the BIA impermissibly relied on any assumptions about Aly's guilt.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**