**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ANGEL ASCENCIO-SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70177 <br><br> Agency No. A088-331-408 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Roberto Angel Ascencio-Sanchez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion the denial of a motion to reopen, *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir. 2002), we deny the petition for review.

The agency did not abuse its discretion by denying Ascencio-Sanchez's motion to reopen based on a lack of notice, because the agency had sent a notice of hearing by regular mail to Ascencio-Sanchez's last known address of record, and Ascencio-Sanchez failed to provide sufficient evidence to overcome the presumption of proper delivery of the notice. *See* 8 U.S.C. § 1229a(b)(5)(A) ("[W]ritten notice . . . provided at the most recent address" given by the alien "shall be sufficient" for purposes of conducting *in absentia* removal proceedings.); *cf. Salta*, 314 F.3d at 1079 (discussing evidence sufficient to overcome the presumption of proper delivery).

The agency also did not abuse its discretion by denying Ascencio-Sanchez's motion to reopen based on changed country conditions, where Ascencio-Sanchez failed to present any evidence of a change in conditions in El Salvador material to his claim to asylum. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("The BIA can deny a motion to reopen" based on changed country conditions for "failure to introduce previously unavailable, material evidence" (citation and internal quotation marks omitted)).

Ascencio-Sanchez has waived any challenge to the BIA's determination that his proceedings do not warrant reopening on account of exceptional circumstances arising from the alleged ineffective assistance of his former attorney because Ascencio-Sanchez failed to raise the issue in his Opening Brief to this court. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (citation omitted)).

Ascencio-Sanchez's remaining contentions regarding his credibility and the BIA's articulation of its reasoning are unpersuasive.

**PETITION FOR REVIEW DENIED.**

3                                                                                    11-70177