**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGRID YANETH MARTINEZ DEL CID,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 11-70168<br><br>Agency No. A072-683-612<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:　　GOODWIN, WALLACE, and FISHER, Circuit Judges.

　　Ingrid Yaneth Martinez Del Cid, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's order denying her motion to reopen removal

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Martinez Del Cid's motion to reopen, where service of notice was proper and she failed to show that she did not receive her Notice of Hearing. *See* 8 U.S.C. § 1229(a)(2)(A), (c); *Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) (the government satisfies notice requirements by mailing notice of the hearing to an alien at the address last provided to the INS); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) (an applicant's sworn affidavit that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery when the notice of hearing is sent by regular mail).

We reject Martinez Del Cid's contention that the agency abused its discretion by failing to consider her equities and the totality of circumstances.

We lack jurisdiction to review Martinez Del Cid's contention that there was no proof of delivery for the hearing notice because she failed to raise that issue before the BIA and thereby failed to exhaust her administrative remedies. *See*

*Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**