**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDBIN ANADIL COLINDRES, AKA Jose Martinez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   13-72074 <br><br> Agency No. A095-745-722 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2017**
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and EATON,*** International Trade Judge.

Rudbin Colindres, a Honduran citizen, seeks review of two Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Immigration Appeals (BIA) decisions, the first dismissing his appeal of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), and the second denying his motion to reopen and reconsider the first decision. We dismiss in part and deny in part.

1. We lack jurisdiction over the petition for review insofar as it concerns the BIA's dismissal of Colindres' appeal of the denial of his asylum, withholding of removal, and CAT claims because the petition for review was untimely as to that decision. A removal order becomes "final, and reviewable, when issued," and finality is not tolled by the filing of a subsequent motion to reopen or reconsider. *Stone v. INS*, 514 U.S. 386, 405-406 (1995). A petition for review must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). Colindres filed his petition for review on June 12, 2013, more than 30 days after the BIA's March 13, 2013 decision dismissing his appeal.

2. Colindres' petition for review of the BIA's denial of his motion to reopen and reconsider was timely, however, and we therefore have jurisdiction over his petition to the extent it challenges that decision. *See Kucana v. Holder*, 558 U.S. 233, 252-53 (2010). "We review the denial of a motion to reopen or reconsider for abuse of discretion." *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir. 2002). Because Colindres "fail[ed] [in his opening brief] to address *how* the BIA abused its discretion by denying" the portions of his motion requesting reconsideration, his

2

arguments are waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996) (emphasis added).

To the extent Colindres did not waive his challenge to the BIA's denial of his motion to reopen, it fails on the merits.  The BIA did not "act[] arbitrarily, irrationally, or contrary to law" when it declined to reopen Colindres' case because of the State Department's designation of the Mara Salvatrucha gang as a Transnational Criminal Organization.  *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (internal quotation marks omitted) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)).  There is no record evidence suggesting that Colindres ever expressed an anti-gang political opinion or that the gang imputed such an opinion to him.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013).

**DISMISSED IN PART, DENIED IN PART.**