NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAELA ONTIVEROS LOZANO; JOSE MIGUEL QUINTANA ONTIVEROS; ABRIL BELEN PEDRIZCO ONTIVEROS, | No. 22-1468 |
| | Agency Nos. |
| | A215-818-989 |
| Petitioners, | A215-818-990 |
| | A215-818-991 |
| v. | |
| | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2023
San Jose, California

Before: GRABER, PAEZ, and FRIEDLAND, Circuit Judges.
Concurrence by Judge FRIEDLAND.

Petitioner Rafaela Ontiveros Lozano ("Ontiveros Lozano" or "Lead

Petitioner") and her two children, Jose Miguel Quintana Ontiveros and Abril Belen

Pedrizco Ontiveros (collectively "Petitioners"), are natives and citizens of Mexico.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

They timely seek review of the Board of Immigration Appeals' ("BIA") orders affirming the immigration judge's ("IJ") denial of their motion to reopen their removal proceedings and rescind their in absentia removal orders. Reviewing legal questions de novo and otherwise reviewing for abuse of discretion, Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir. 2002), we grant the petition.

An in absentia removal order may be rescinded if the petitioner demonstrates that she did not receive notice to appear or notice of the hearing as provided by 8 U.S.C. § 1229(a)(1)–(2). See 8 U.S.C. § 1229a(b)(5)(C)(ii). Delivery of a notice by regular mail creates a weak presumption of delivery, "and less should be required to rebut such a presumption." Salta v. INS, 314 F.3d 1076, 1079 (9th Cir. 2002). Lead Petitioner attested in a sworn affidavit that neither she nor her children received the notices to appear, the notice of hearing ("NOH"), or the in absentia removal orders, despite constantly checking the mail. "In general, in assessing whether an alien has made the requisite prima facie showing in support of reopening, facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable." See Perez-Portillo v. Garland, 56 F.4th 788, 795 (9th Cir. 2022) (citation and internal quotation marks omitted). The affidavit here is not inherently unbelievable. The NOH that contained a rescheduled hearing date was "return[ed] to sender" on October 2, 2019, well before the date of the reset hearing. Thus, the BIA knew that Petitioners had not

received the NOH.  That fact corroborates Ontiveros Lozano's affidavit.  The BIA erred by requiring additional corroboration and improperly discounting Ontiveros Lozano's affidavit and therefore abused its discretion in applying Matter of M-R-A-, 24 I&N Dec. 665 (BIA 2008).

Petitioners acted diligently upon learning of the in absentia orders.  Lead Petitioner swore that she constantly checked the mail for any information about her and her children's cases, asked around to see if anyone had any information, and did not learn of the removal orders until after they had been entered in November 2019, at which time she quickly retained counsel and moved to reopen the case.

Because Lead Petitioner credibly stated that she did not receive the NOH, the BIA abused its discretion in declining to rescind the in absentia orders under 8 U.S.C. § 1229a(b)(5)(C).  We remand for a new hearing on Petitioners' asylum applications.[1]

**PETITION GRANTED and REMANDED.**

---

[1] We need not and do not address Petitioners' argument regarding sua sponte reopening.

*Ontiveros Lozano v. Garland*, 22-1468

FRIEDLAND, Circuit Judge, with whom Circuit Judge PAEZ joins, concurring:

When the date of a removal hearing changes, the Government is required to provide a Notice of Hearing ("NOH") containing the new date and time.  8 U.S.C. § 1229(a)(2)(A).   If a person fails to appear for her hearing, she shall be removed in absentia only "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice [of the hearing] was so provided."  *Id.* § 1229a(b)(5)(A).

Here, when Ontiveros Lozano's removal hearing date was moved up, the Government mailed her an NOH, but it was returned as undeliverable over a month before her scheduled hearing.  Ontiveros Lozano therefore indisputably did not receive the required notice, and the Government knew this.  Yet the Government requested and received an in absentia removal order against Ontiveros Lozano when she did not appear for her scheduled hearing.  In doing so, the Government violated the explicit statutory requirement in § 1229a(b)(5)(A).  The Government now argues that Ontiveros Lozano's removal proceedings should not be reopened because she was not diligent in discovering the Government's conduct and because she has forfeited her challenge to the entry of the in absentia removal order.  The Government's duty should be to seek justice, not to deport people at any cost.  In my view, it lost sight of that duty here.