NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JUN XIA, | No. 18-71504 |
| Petitioner, | Agency No. A206-658-574 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Jun Xia, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's

("IJ") denial of his motion to reopen proceedings and rescind his *in absentia*

removal order. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). We retain jurisdiction to review the BIA's decision denying *sua sponte* reopening "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We deny the petition for review in part and dismiss in part for lack of jurisdiction.

1.      Xia was admitted to the United States on August 13, 2012 as a nonimmigrant visitor with permission to stay until November 12, 2012. Xia filed an application for asylum, withholding of removal, and protection under the Convention Against Torture in May 2014. After his asylum interview, the government referred Xia's application to an IJ.

2.      On April 2, 2015, the Department of Homeland Security personally served Xia with a Notice to Appear ("NTA"), charging him with removability under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. The NTA indicated that Xia's hearing date and time were to be determined, and the notice required Xia to inform the immigration court of any change of address. On June 15, 2015, a notice of hearing was mailed to Xia's address in Monterey Park, California. Xia failed to appear for his hearing on October 4, 2016, and the IJ ordered him removed *in absentia*.

3. On July 17, 2017, Xia filed a motion to reopen his proceedings and rescind his *in absentia* removal order, contending that he lacked proper notice. Xia also contended in a later response that the NTA was defective because it did not list the time or date of his hearing. The IJ denied Xia's motion to reopen, and Xia appealed to the BIA. The BIA affirmed the IJ's denial of the motion to reopen because Xia did not demonstrate that he did not receive his notice of hearing. The BIA also held that Xia's NTA was not defective because notification of hearing can occur after the NTA's issuance. Finally, the BIA held that Xia's situation was not an "exceptional" situation justifying exercise of *sua sponte* reopening of proceedings.

4. An *in absentia* removal order can be rescinded if the petitioner demonstrates lack of proper notice. 8 U.S.C. § 1229a(b)(5)(C)(ii). A notice of hearing is deemed sufficient notice if mailed to the most recent address provided by the petitioner. 8 U.S.C. § 1229a(b)(5)(A). Although weaker than the strong presumption for notice sent by certified mail, a presumption of delivery exists for a notice of hearing sent through regular mail. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011) (citing *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002)). To rebut this presumption, the petitioner must submit sufficient evidence that the petitioner did not receive notice, and the case "must be evaluated based on its own

particular circumstances and evidence." *Matter of M-R-A-*, 24 I&N Dec. 665, 674 (BIA 2008).

5.      We held in *Salta* that "[w]here a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from [the petitioner] that neither []he nor a responsible party residing at h[is] address received the notice should ordinarily be sufficient to rebut the presumption of delivery" for notices sent by regular mail. 314 F.3d at 1079.  We noted in *Sembiring v. Gonzales* that the test for whether an individual "has produced sufficient evidence to overcome the presumption of effective service by regular mail is practical and commonsensical rather than rigidly formulaic."  499 F.3d 981, 988 (9th Cir. 2007).

6.      The BIA did not abuse its discretion by finding Xia was provided proper notice.  Xia initiated proceedings to obtain asylum and submitted sworn affidavits that he did not receive his notice of hearing.  *See Salta*, 314 F.3d at 1079. Xia undermines the probative value of his own affidavits, however, by stating in his amended affidavit that he moved two times between 2015 and 2017, yet never filed a change of address form to notify the immigration court prior to the notice of hearing being mailed.[1]  Xia's application for asylum, filed a year prior to the notice

---

[1]      Xia asserts that he mailed a change of address to the court after moving in December 2016, but there is no evidence of this in the record.  Even if Xia had

4

of hearing, listed his Monterey Park address as his current residence, and the NTA served personally to Xia listed the same address as his residence. The notice of hearing was consequently mailed to Xia's Monterey Park address because it was Xia's address on record. Based on the foregoing circumstances and evidence, the BIA did not abuse its discretion in denying Xia's motion to reopen and rescind his *in absentia* removal order.

7. An NTA indicating that the hearing date and time are to be determined cannot be the basis for rescission of an *in absentia* removal order under 8 U.S.C. § 1229a(b)(5)(C)(ii) if a notice of hearing is later sent. *See Campos-Chaves v. Garland*, 602 U.S. __, 144 S. Ct. 1637, 1647–49 (2024). Because the notice of hearing here was sent to Xia, his *in absentia* removal order may not be rescinded. *See id.*

8. Because Xia alleges no legal or constitutional errors, we lack jurisdiction to review the agency's decision to deny *sua sponte* reopening of his proceedings. *See Bonilla*, 840 F.3d at 588.

**PETITION DENIED in part; DISMISSED in part.**

---

filed a change of address form in December 2016, it would have been over a year after the notice of hearing was mailed in June 2015.