NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JUANA GASPAR-
FRANCISCO; EMANUEL GASPAR-
GASPAR; JUANA SENAIDA GASPAR-
GASPAR,

Petitioners,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 22-126

Agency Nos.
A209-397-960
A209-397-962
A209-397-961

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Juana Gaspar-Francisco and her two children—all citizens and natives of

Guatemala—petition for review of the Board of Immigration Appeals' (BIA) denial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of their motion to reconsider a denial of their motion to reopen. That earlier motion, made under 8 U.S.C. § 1229a(b)(5)(C)(ii), asked the BIA to reopen the case on the basis that Gaspar-Francisco allegedly never received notice of the hearing at which the Immigration Judge (IJ) ordered her and her children removed *in absentia*. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reconsider for abuse of discretion. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004). The BIA abuses its discretion only when it acts arbitrarily, irrationally, or contrary to law. *Id.* We review purely legal questions de novo and factual findings for substantial evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

The BIA did not abuse its discretion in determining that Gaspar-Francisco presented insufficient evidence to overcome the presumption that she received the notice via regular mail. *See Salta v. INS*, 314 F.3d 1076, 1078-79 (9th Cir. 2002) (stating the general presumption that a petitioner receives notice of removal proceedings sent by regular mail). The test to determine if a petitioner can overcome the delivery presumption is "practical and commonsensical." *Sembiring v. Gonzales*, 499 F.3d 981, 988 (9th Cir. 2007).

In its original decision denying the motion to reopen, the BIA acknowledged Gaspar-Francisco's declaration that she never received the notice, but it explained

that Gaspar-Francisco did not provide sufficient evidence to rebut the presumption of delivery because she did not support her motion with a declaration from the homeowner or other residents "regarding the alleged non-delivery of the notice." With her motion to reconsider, Gaspar-Francisco submitted a declaration claiming that she did not receive notice of the hearing but stating that she was unsure if her non-receipt was caused by her landlords who occasionally mishandle her mail. Gaspar-Francisco also submitted declarations from her landlords confirming that they occasionally mishandle mail. However, the declarations do not expressly state that the landlords lost the notice of Gaspar-Francisco's hearing or that they never received the notice in the first place.

Because neither Gaspar-Francisco's nor her landlords' declarations prove that she or a responsible party at the address did not receive notice, the BIA's determination that the landlords' declarations were "inconclusive and unpersuasive" was not arbitrary, irrational, or contrary to law. *See Salta*, 314 F.3d at 1079; *Sembiring*, 499 F.3d at 990–91. Without more, the declarations' vague and speculative assertions cannot defeat the presumption that Gaspar-Francisco received notice. *See In re G-Y-R*, 23 I. & N. Dec. 181, 189 (B.I.A. 2001) (explaining that a petitioner can be charged with receiving proper notice where the notice "reaches the correct address but does not reach the [petitioner] through some failure in the internal

workings of the household").

We **DENY** the petition.