**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KUNAL KUNAL,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    20-73284

Agency No. A215-666-742

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2025[**]
Seattle, Washington

Before:  HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Petitioner Kunal Kunal, a native and citizen of India, seeks review of the

decision by the Board of Immigration Appeals ("BIA") affirming the order of an

immigration judge ("IJ") denying Kunal's motion to reopen his removal proceedings

and rescind his *in absentia* removal order.  We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252 and review the denial of a motion to reopen for abuse of discretion. *See*

*Montejo-Gonzalez v. Garland*, 119 F.4th 651, 654 (9th Cir. 2024). Where the BIA

cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), to adopt the IJ's decision

and adds its own analysis to that of the IJ, we review both agency decisions. *See*

*Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

Kunal sought to reopen his proceedings on the basis that he never received the

notice of hearing. Where, as here, the notice is sent by regular mail, there is a

rebuttable presumption of effective service. *Perez-Portillo v. Garland*, 56 F.4th 788,

793 (9th Cir. 2022). That presumption is weaker than the presumption of delivery

by certified mail, *id.*, and "[t]he test for whether [a noncitizen] has produced

sufficient evidence to overcome the presumption of effective service by regular mail

is practical and commonsensical rather than rigidly formulaic," *Sembiring v.*

*Gonzales*, 499 F.3d 981, 988 (9th Cir. 2007).

Contrary to Kunal's assertion, the agency applied the correct legal standard

and acknowledged that the applicable presumption of delivery was "weaker" given

that notice had been sent by regular mail. The record does not contain the type of

circumstantial evidence that, when paired with Kunal's sworn assertion of non-

receipt, is ordinarily sufficient to rebut the weaker presumption of delivery that

attaches to service by regular mail. *See id.* at 988–89 (collecting cases and

explaining that evidence in that case was sufficient to rebut presumption because

petitioner had "affirmatively sought asylum, thereby bringing herself to the attention of the government" and appeared in court on the originally scheduled date of her hearing only to learn that her hearing date had been changed and she had been ordered removed *in absentia*); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) ("Where a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from [the petitioner] that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery.").

Thus, because the government presented evidence that the notice of hearing was sent to Kunal's address of record and was not returned as undeliverable and because Kunal failed to overcome the presumption of effective service by regular mail, the agency did not abuse its discretion by denying Kunal's motion to reopen. *See Montejo-Gonzalez*, 119 F.4th at 654 (agency abuses its discretion if "it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions" (quotation marks and citation omitted)).

**PETITION DENIED.**