NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN ANTONIO DE JESUS GARCIA
SERRANO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    21-70574

Agency No. A205-536-347

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2026[**]

Before: GOULD, BENNETT, and BADE, Circuit Judges.

Juan Antonio De Jesus Garcia Serrano, a native and citizen of Mexico,
petitions for review of an order of the Board of Immigration Appeals ("BIA")
dismissing his appeal from an Immigration Judge's ("IJ") order denying his motion
to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

we review the denial of a motion to reopen for abuse of discretion, *see Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

1. In May 2013, Garcia Serrano was arrested for violating California Vehicle Code § 23153. On June 13, 2013, the Department of Homeland Security issued a Notice to Appear ("NTA"), charging Garcia Serrano with removability as a noncitizen present in the United States without prior admission or parole. Garcia Serrano signed his NTA, which listed his address as "345 W. EL NORTE PKWY Apt 214, ESCONDIDO[,] CALIFORNIA 92026." The NTA directed that, if Garcia Serrano's address changed, he must notify the immigration court using Form EOIR-33.

On July 18, 2013, Garcia Serrano filed a Form EOIR-33, changing his address of record to 1150 N. Escondido Blvd., Apt. 15, Escondido, California 92026. One week later, on July 25, the immigration court mailed a Notice of Hearing in Removal Proceedings to Garcia Serrano at this new address. The notice informed Garcia Serrano that he needed to appear in immigration court for an upcoming hearing on September 24, 2013. There is no evidence that this notice was returned as undeliverable.

Garcia Serrano failed to appear for his September 2013 hearing, and he was ordered removed in absentia. The in absentia removal order was mailed to him at

2

his address of record on September 25, 2013. There is no evidence that this order was returned as undeliverable. Five years later, in December 2018, Garcia Serrano moved to reopen, contending that the in absentia removal order should be rescinded because he never received notice of his removal hearing.

2. The agency did not abuse its discretion in denying Garcia Serrano's motion to reopen. "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)). "An *in absentia* order for removal may be rescinded upon a motion to reopen 'if the alien demonstrates that the alien did not receive notice in accordance with [8 U.S.C. § 1229(a)(1) or (2)].'" *Perez-Portillo v. Garland*, 56 F.4th 788, 793 (9th Cir. 2022) (alteration in original) (quoting 8 U.S.C. § 1229a(b)(5)(C)(ii)). The agency "may generally satisfy notice requirements by mailing notice of the hearing to . . . the address last provided." *Dobrota v. INS*, 311 F.3d 1206, 1211 (9th Cir. 2002). And when, as here, the notice is sent by regular mail, there is a rebuttable presumption of effective service. *See Perez-Portillo*, 56 F.4th at 794 ("Our prior cases make clear that the presumption of delivery attached to service by regular mail is rebuttable . . . .").

The agency denied Garcia Serrano's motion after considering the factors

relevant to determining whether an individual provided sufficient evidence to overcome the presumption of delivery. *See id.* (outlining the non-exhaustive list of factors). While Garcia Serrano relies on a declaration in which he states he never received the notice of hearing, the record does not contain the type of circumstantial evidence that—when paired with his sworn assertion of non-receipt—is ordinarily sufficient to rebut the presumption of delivery. *See Sembiring v. Gonzales*, 499 F.3d 981, 988–89 (9th Cir. 2007) (finding the presumption of delivery rebutted where petitioner "affirmatively sought asylum, thereby bringing herself to the attention of the government" and appeared in court on the originally scheduled hearing date); *see also Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) ("Where a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from [the petitioner] that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery . . . .").

Garcia Serrano did not affirmatively apply for relief; he was placed in removal proceedings after his arrest in 2013. He did not provide any additional affidavits or other evidence to corroborate his alleged non-receipt of the notice. And the agency reasonably determined that Garcia Serrano failed to exercise due diligence to reopen his removal proceedings between the September 2013 in absentia order and his December 2018 motion to reopen.

The government produced evidence that the notice of hearing was sent to Garcia Serrano's address of record, and Garcia Serrano has failed to overcome the presumption of effective service by regular mail. Thus, the agency did not abuse its discretion by denying his motion to reopen.

3.   Garcia Serrano also argues that the immigration court lacked jurisdiction over his removal proceedings because his NTA omitted the date, time, and location of his hearing. But, as the government points out, Garcia Serrano failed to exhaust any such contention and thus we may not consider it. *See* 8 U.S.C. § 1252(d)(1); *Suate Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that even though the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim processing rule that a court must enforce if a party raises the issue). In any event, Garcia Serrano's position is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) (holding that deficiencies in an NTA do not deprive the immigration court of jurisdiction).

4.   We lack jurisdiction to consider Garcia Serrano's contention that his case warrants a favorable exercise of prosecutorial discretion. *See* 8 U.S.C. § 1252(g); *Ayanian v. Garland*, 64 F.4th 1074, 1085 n.10 (9th Cir. 2023); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION DENIED in part, DISMISSED in part.**